UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ANTOINE LAMAR DALLAS,

              Plaintiff,

v.

UNKNOWN PARTY #1 et al.,

              Defendants.

_____/

Case No. 2:25-cv-302

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.    Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues the following KCF staff: Officer Unknown Party #1, Sergeant Unknown Party #2, Lieutenant Unknown Party #3,[2] Assistant Deputy Warden Unknown Party #4, and Deputy Warden Unknown Party #5. (Compl., ECF No. 1,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] Unknown Parties #1–3 are further identified in Plaintiff's complaint as being "in charge of grounds crew," or "in charge of maintaining prison grounds." (Compl., ECF No. 1, PageID.2.)

3

PageID.2.) Plaintiff does not indicate whether the Defendants are sued in their official or personal capacities. (*See id.*)

Plaintiff alleges that on March 6, 2025, at 5:32 A.M., he was walking out of B-Unit at KCF "to go to the insulin lines."[3] (*Id.*, PageID.3.) Plaintiff states that as he walked "onto the prisoner walkway, [he] immediately was on a patch of ice that had not been removed, salted, or sanded by anyone." (*Id.*) Plaintiff lost his footing and fell backwards. (*Id.*) Plaintiff's fall caused him to put his "hand back to attempt to catch [him]self and [his] hand slammed into the ground, causing [him] extreme pain and discomfort." (*Id.*) At an unspecified date or time, Plaintiff "showed [non-party] medical staff [his] hand and they felt it necessary that [he] receive x-rays, which [he] received that day." (*Id.*) Plaintiff alleges that the x-ray showed two broken bones in his hand. (*Id.*) On another unspecified date and time, Plaintiff was "taken to an orthopedic doctor who also confirmed the broken bones and then placed [his] hand and wrist in a hard cast for eight weeks." (*Id.*) Plaintiff states he was in severe pain and discomfort during that time. (*Id.*)

Plaintiff alleges that he was injured because "the staff in charge of properly training and overseeing the grounds crew workers as well as those staff in charge of maintaining a safe environment . . . failed to do so, resulting in [Plaintiff] being injured." (*Id.*) In addition, Plaintiff claims that "the grounds crew were never properly trained in removing ice from the walks." (*Id.*) On an unknown date, the non-party grievance investigator "confirmed, via video footage, that the grounds crew was in fact in the area of [his] fall at 4:59 A.M. that morning and yet failed to remove the ice." (*Id.*) Plaintiff claims that "it had not snowed or rained for many hours [prior to his fall, and] . . . [t]here were no 'blizzard-like conditions' at that time." (*Id.*) Plaintiff references MDOC

---

[3] In this opinion, the Court corrects the spelling, grammar, capitalization, and punctuation in quotations from Plaintiff's complaint.

Policy Directive 03.03.130, which Plaintiff states provides that "[a]ll non-housing areas [must be] maintained in a healthy and safe manner." (*Id*.)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise Eighth Amendment, section 1983 claims regarding the violation of MDOC policy, and state law negligence claims. As relief, Plaintiff seeks monetary damages and injunctive relief in the form of training for staff and workers. (*Id*., PageID.4.)

## II.      Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A.    Official Capacity Claims

In deference to Plaintiff's *pro se* status, the Court construes Plaintiff's complaint to sue Defendants Unknown Parties #1–5 in their official and individual capacities.

A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). And regardless, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66).

Here, Plaintiff seeks injunctive relief and monetary damages. (Compl., ECF No. 1, PageID.6.) However, as noted above, the MDOC is not a "person" who may be sued under

6

section 1983 for money damages. *See, e.g.*, *Lapides*, 535 U.S. at 617. Similarly, Plaintiff may not seek monetary damages against Defendants Unknown Parties #1–5 in their official capacities. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Therefore, Plaintiff fails to state a claim against Defendants in their official capacity for monetary damages.

Although damages claims against Defendants Unknown Parties #1–5 in their official capacities are properly dismissed, an official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex parte Young* for prospective injunctive relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Nonetheless, the Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *Los Angeles v. Lyons*, 461 U.S. 95 (1983) (addressing injunctive relief); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (addressing declaratory relief). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally.

7

*Lyons*, 461 U.S. at 102. In the present action, Plaintiff does not allege the existence of an official policy or practice, and Plaintiff's allegations relate solely to past harm, not future risk of harm. In fact, Plaintiff complains about a singular event that occurred nine months prior to him filing this complaint. Therefore, Plaintiff does not seek relief properly characterized as prospective. *See Ladd*, 971 F.3d at 581.

Accordingly, for these reasons, Plaintiff's official capacity claims against Defendants Unknown Parties #1–5 will be dismissed for failure to state a claim.

### B.       Personal Capacity Claims

The Court also construes Plaintiff's complaint to sue Defendants Unknown Parties #1–5 in their personal capacities. Plaintiff brings Eighth Amendment deliberate indifference claims and section 1983 claims regarding the violation of MDOC policy against Defendants.

### 1.       Eighth Amendment Claims

The Eighth Amendment protects against the denial of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). However, the Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "[R]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

For a prisoner to prevail on an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that defendants acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

As an initial matter, Plaintiff fails to allege facts showing how Defendants Unknown Parties #1–5 were personally involved in the violations of his constitutional rights. (*See generally* Compl., ECF No. 1.) Indeed, Plaintiff fails to name these Defendants in the "facts" section of his complaint even by job title. (*See id.*, PageID.3–6.) Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Plaintiff's claims against Defendants Unknown Parties #1–5, therefore,

9

fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

It appears that Plaintiff seeks to hold Defendants Unknown Parties #1–5 liable for the actions of their subordinates. However, government officials, such as Defendants, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)).

10

Here, Plaintiff fails to allege any *facts* showing that Defendants Unknown Parties #1–5 encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in the conduct. Plaintiff's conclusory allegations of supervisory responsibility based on job title alone are insufficient to show that these Defendants were personally involved in the alleged violations of Plaintiff's constitutional rights. Therefore, for the reasons set forth above, Plaintiff's claims against Defendants Unknown Parties #1–5 will be dismissed.

Moreover, even considering the merits of Plaintiff's claim regarding the ice on the walkway, Plaintiff's claim is a slip-and-fall case. "[F]ederal courts have nearly unanimously held that a slip and fall, without more, does not amount to cruel and unusual punishment." *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) (citation and quotation omitted); *see White v. Tyszkiewicz*, 27 F. App'x 314, 315 (6th Cir. 2001); *Nali v. Michigan Dep't. of Corr.*, No. 2:07-cv-255, 2009 WL 3052227, at *6 (W.D. Mich. Sept. 21, 2009) ("[W]hile an icy prison yard walkway presents the possibility for an inmate to slip and fall, it does not pose a substantial or excessive risk of serious harm."). "[C]ourts have occasionally found that a slip-and-fall case that has additional exacerbating factors can create a plausible allegation of constitutional harm." *Lamb*, 677 F. App'x at 209 (citation omitted). For example, "where the plaintiff was disabled, had to use crutches, and had fallen many times due to slippery conditions in the shower, and prison officials were aware of all of these facts, the plaintiff could potentially state a deliberate-indifference claim." *Id.* (citing *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998)).

Here, Plaintiff alleges that "there was a patch of ice that had not been removed, salted, or sanded" that caused him to slip, fall, and break two bones in his hand. (Compl., ECF No. 1, PageID.3.) Plaintiff alleges no facts about Defendants Unknown Parties #1–5's knowledge of the ice besides the fact that grounds crew, not the Defendants, had been in the area approximately 30

11

minutes prior to Plaintiff's fall. (*Id.*) Plaintiff claims that it had not snowed or rained for "many hours" prior to his fall, ostensibly giving enough time for the grounds crew to detect the ice and remove it. (*See id.*) However, these facts are insufficient to show any exacerbating factors that could allege plausible constitutional harm from the Defendants. *See Lamb*, 677 F. App'x at 209. At most, Plaintiff's allegations suggest that Defendants Unknown Parties #1–5 were negligent because the grounds crew and staff that they supervise failed to remove a particular patch of ice; however, an Eighth Amendment violation requires a "state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Therefore, based on the facts alleged in Plaintiff's complaint, Plaintiff has failed to show that Defendants Unknown Parties #1–5 were deliberately indifferent to Plaintiff's health and safety.

Furthermore, with respect to Plaintiff's claims regarding the medical care he received after the incident, Plaintiff alleges no facts to suggest that Defendants Unknown Parties #1–5 had any knowledge of, let alone involvement in, Plaintiff's medical treatment. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Accordingly, for the reasons set forth above, Plaintiff fails to state an Eighth Amendment claim against Defendants Unknown Parties #1–5, and his Eighth Amendment claims against these Defendants will be dismissed.

### 2.    Section 1983 Claims Regarding the Violation of Prison Policy

In Plaintiff's complaint, he references MDOC Policy Directive 03.03.130, which Plaintiff states provides that "[a]ll non-housing areas [must be] maintained in a healthy and safe manner." (Compl., ECF No. 1, PageID.3.) The Court construes Plaintiff's complaint to raise section 1983 claims regarding the violation of MDOC policy.

As an initial matter, claims under section 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's assertions that Defendants violated the MDOC's policies fail to state a claim under section 1983.

Additionally, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus, Plaintiff's allegation that Defendants violated prison policy fails to raise a cognizable federal claim.

Accordingly, Plaintiff's section 1983 claims regarding alleged violations of the MDOC's policies will be dismissed for failure to state a claim.

### C.     State Law Claims

To the extent that Plaintiff intended to raise state law negligence claims regarding his slip-and-fall on the ice raise state law negligence claims, the Court declines to review those claims here.

As discussed above, claims under section 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States," *Lugar*, 457 U.S. at 924, and section 1983 does not provide redress for a violation of a state law. *Pyles*, 60 F.3d at 1215; *Sweeton*,

27 F.3d at 1166. Thus, Plaintiff's assertions that Defendants violated state law fail to state a claim under section 1983.

Further, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Therefore, Plaintiff's state law claims will be dismissed without prejudice.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law claims will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over those claims.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

14

A judgment consistent with this opinion will be entered.


Dated:   August 3, 2026                          /s/ Sally J. Berens
                                                 SALLY J. BERENS
                                                 United States Magistrate Judge